The plaintiff declared for a balance due upon the purchase of a horse according to a special contract. The suit had begun by attachment, but the defendant coming in and replevying, it was put at issue on the "general issue."
The evidence was, that the plaintiff offered to sell the defendant a horse for $300, which price the defendant was unwilling to give him, but offered $200 and the amount of the horse's earnings, as a stallion, at two designated stations, which it was reckoned would be equivalent to $100. The plaintiff agreed eventually to accept of this proposal upon the defendant's agreeing to keep and stand the horse at the stations mentioned, *Page 551 
as well as the other places, and to do the best the could with him. It further appeared in evidence, that the horse was not kept by the defendant at these stations, except for two of the rounds appointed for him, and that he went into the hands of another person who claimed to have bought him, and who completed the season by visiting these stations as well as the others.
It was admitted that $200 had been paid, and the suit was brought for the price to be raised by the services of the stallion. A demand, and refusal to pay this amount, were proved. The defendant contended that the action, in this form, would not lie in consequence of its being commenced by attachment; and generally, that plaintiff was not entitled to recover; but if at all, only the sums realized by the defendant for the two visits to the designated stations as proved.
But the Court informed the jury, there was no valid objection to the form of the action; and as to damages, that if the defendant had put it out of his power to comply with his undertaking to keep the horse at the stations in question — if he had sold him, and did not keep him there, either by an agent or by himself, plaintiff was entitled to recover, and might recover the sum of $100, which was the sum estimated by the parties as being the amount of profits of the two stations. Defendant excepted.
Verdict for the plaintiff. Judgment and appeal by def't.
The defendant, for a valuable consideration, agreed to keep and stand the horse at the two stations for the benefit of the plaintiff. This he failed to do; and we can see no reason, wherefore, he should not be made liable for a breach of his contract.
In regard to the measure of damages, as the amount of the horse's earnings was, or ought to have been, peculiarly within the knowledge of the defendant, it was proper, under the *Page 552 
circumstances, to allow the fact, that the parties had estimated it as equivalent to $100, to go to the jury, as some evidence upon the question of damages.
PER CURIAM. Judgment affirmed.